**John P. FULLARD, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22107.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 17, 1969.

Decided March 12, 1969.

* * * * *

"A Yes.

* * * * *

7. 131 U.S.App.D.C. 279, 404 F.2d 1256 (No. 20153, Jan. 31, 1968).

Mr. Robert C. Maynard, Washington, D. C. (appointed by this court), for appellant.

Mr. Robert P. Watkins, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and WRIGHT and ROBINSON, Circuit Judges.

PER CURIAM:

During the course of an attempted robbery of a warehouse one of the two robbers shot and killed a warehouse employee. In a multi-count indictment resulting from the incident appellant was charged with first degree felony murder, second degree murder, robbery, attempt-ed robbery, assault with a dangerous weapon and carrying a dangerous weapon. A jury returned a verdict of guilty on each count except second degree murder, as to which it did not render a verdict.[1] Appellant was sentenced to life imprisonment on the felony murder count and was given concurrent sentences of three years on the other counts.[2]

The judge charged the jury that it could not return a verdict on both the felony murder and the second degree murder counts because these were incompatible. He charged that the jury should first consider the felony murder count; if it had a reasonable doubt about that count, it was to find appellant not guilty of felony murder and go on to consider the second degree murder count.

At the time the charge was given it correctly followed the law in this jurisdiction. Naples v. United States, 120 U.S. App.D.C. 123, 344 F.2d 508 (1964). Subsequent to the trial this court *en banc*, in Fuller v. United States, 132 U.S.App.D.C. 264, 407 F.2d 1199 (1968), held that the verdicts there of first degree felony murder and manslaughter were not so inconsistent as to require reversal. Thus *Naples* was departed from; but *Fuller* does not hold that two verdicts of guilt of unlawful homicide need be returned under such an indictment as we now consider or as was considered in *Fuller*. On the contrary, *Fuller* goes on to hold that in the case of such an indictment the court on request should instruct under the lesser included offense doctrine, with only one such guilty verdict permissible. This in substance is what here occurred. The jury was instructed that it should first consider the felony murder count and if it had a reasonable doubt about that count it was to find appellant not guilty of felony murder and go on to consider the second degree murder count. We find no prejudice from this instruction. Actually it was more favorable to appellant than the *Fuller* instructions would have been. For here the jury was

---

1. The trial judge struck the robbery count before the case went to the jury, so the jury did not consider that count.

2. Appellant received a concurrent one-year sentence on the carrying a dangerous weapon count.

told it could not find appellant guilty of both second degree murder and felony murder. In this we find no prejudice to appellant.

Affirmed.